IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT DEMISON, III | § | |
| VS. | § | CIVIL ACTION NO. 9:23-cv-177 |
| BRYIAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Demison, III, an inmate currently confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Motion for Injunctive Relief

Plaintiff has filed two Motions for Preliminary Injunction and Temporary Restraining Order. (Doc. #s 4 and 15.) Plaintiff complains of retaliation and the alleged denial of due process by subordinates of the Defendants.

## Analysis

*Requirements for Issuance of Relief*

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that the party will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) the granting of the preliminary injunction will not disserve the public interest. *See Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Due to its extraordinary character, injunctive relief should not be granted unless the party seeking relief has

clearly carried the burden of persuasion as to all four elements. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005).

Plaintiff has not clearly carried his burden with respect to any of the required elements, but has particularly failed to satisfy the first two prongs. Plaintiff has failed to establish that a substantial threat exists that irreparable harm will result if relief is not granted. Further, Plaintiff has not clearly shown the Defendants in this action violated his constitutional rights. Plaintiff's claims have been recommended for dismissal by separate report entered this date. Therefore, Plaintiff's motions should be denied.

## Recommendation

Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order (doc. #s 4 and 15) should be denied.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE