IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT DEMISON, III | § | |
| VS. | § | CIVIL ACTION NO. 9:23-cv-177 |
| BRYIAN COLLIER, ET AL. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Demison, III, an inmate currently confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings the above-styled lawsuit pursuant to 42 U.S.C. § 1983 against Bryian Collier, William Stephens, Lorie Davis, and Patrick L. O'Daniel.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Plaintiff alleges he has suffered "excessive years" of Due Process violations by retaliation. Plaintiff has named as Defendants the following four executive-level administrative officials with the Texas Board of Criminal Justice ("T.B.C.J."): William Stephens, the "T.B.C.J. Director of Disciplinary of Offender and Officer Misconduct;" Lorie Davis, the "T.B.C.J. R.H.U. Director of Offender and Officer Misconduct;" Bryian Collier, the "T.B.C.J. of Behavior, Medical, Use of Force, Protection of Offender an[d] Officer Misconduct;" and Patrick L. O'Daniel, the "T.B.C.J. Director of All I-127/I-128 Grievance Officials and Subordinate Misconduct."

Plaintiff claims the Defendants failed to monitor the actions of their subordinates and failed to enforce policies in place to prevent their subordinates' conduct toward him. Plaintiff claims the Defendants failed to protect him in retaliation for his filing of excessive grievances. As a result of

---

[1] *See* Amended Complaint at 3-4. (Doc. #12.)

the Defendants' alleged retaliatory conduct, Plaintiff claims he received disciplinary cases and was "viciously assaulted." Plaintiff also claims his personal property was taken, damaged, and confiscated without notification. Further, Plaintiff claims "rogue" prison employees would start rumors he was a child molester or rapist. Plaintiff asserts that the Defendants failed to adequately investigate and resolve his complaints and grievances. Finally, Plaintiff claims the Defendants breached a duty of care and negligently failed to protect him by failing to abide by their own policies when informed of their subordinates' conduct through Plaintiff's filing of grievances.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the Plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly

incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly,* 550 U.S. at 555.

## Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

Plaintiff has sued each Defendant in their official and individual capacities. Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin*

*v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021).  The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985); *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit).  The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.  *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  In *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.*  The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002).  This immunity extends to lawsuits for injunctive relief as well as for monetary damages.  *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002).  Here, as the Eleventh Amendment bars recovery regarding Plaintiff's claims against the Defendants in their official capacity and for injunctive relief.

*Supervisory Liability*

Plaintiff alleges he has suffered "excessive years" of constitutional violations by the four executive-level administrative officials with the Texas Board of Criminal Justice named as Defendants in this action.

In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1990).  Plaintiff has not alleged the Defendants participated in the alleged acts of misconduct.  The only way they could possibly be implicated in these claims is through their supervisory capacity.  Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory.  A supervisor may be held

liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* 828 F.2d at 304. Neither condition is satisfied in the present action. Accordingly, Plaintiff's claims against the Defendants are frivolous and fail to state a claim.

*Retaliation*

Plaintiff claims the Defendants acted in retaliation for his filing grievances; however, he has failed to plead facts establishing a constitutional claim of retaliation pertaining to his grievance activities. To establish retaliation, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Causation "requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019); *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable even if the act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). This includes a prisoner's First Amendment right to file grievances concerning his treatment, as retaliation has the potential to discourage a prisoner from exercising that right. *See Morris*, 449 F.3d at 686. Conclusory allegations, however, are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166. Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

In this case, Plaintiff has failed to show sufficient causation concerning his allegations of retaliation. While Plaintiff may have a firmly held belief that certain actions taken against him were

taken in retaliation, Plaintiff has failed to produce either direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Plaintiff's allegations of retaliation are no more than mere speculation on the part of Plaintiff and do not show that but for a retaliatory motive, the actions complained would not have occurred. Thus, Plaintiff has failed to state a claim of retaliation under § 1983 against the Defendants.

*Property Claims*

Plaintiff also claims his personal property was taken, damaged, and confiscated without notification. A claim that an individual has been deprived of property by a person acting under color of law states a claim for a violation of the due process clause of the Fifth Amendment to the United States Constitution. Deprivations of property by state actors, however, even when intentional, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (concluding the plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct). Texas provides such a remedy, the state tort of conversion. In Texas, "[a]n inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally." *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014); *see also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied*, 464 U.S. 897 (1983). As a result, Plaintiff has failed to state a violation of his constitutional rights in connection with the alleged deprivation of his personal property. Accordingly, Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

*Grievances*

Plaintiff asserts several claims that the Defendants failed to adequately investigate and resolve his complaints and grievances. Inmates do not have a constitutionally protected liberty

interest in having their complaints resolved to their satisfaction, and so there is no constitutional violation when prison officials fail to do so. *See Geiger,* 404 F.3d at 373-74 ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Accordingly, Plaintiff's grievance claims against the Defendants fail to state a claim upon which relief may be granted and should be dismissed.

*Violations of Prison Policy*

Throughout Plaintiff's complaint, Plaintiff complains of the Defendants' alleged failure to follow prison rules or policies with respect to his various claims. Plaintiff's claims, however, fail to state a claim upon which relief may be granted. Defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, Plaintiff's claims are without merit and should be dismissed for failure to state a claim upon which relief may be granted.

## Supplemental Jurisdiction

In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. Thus, to the extent Plaintiff's complaint may be liberally interpreted as asserting state law claims, supplemental jurisdiction should be declined in this action.

## Recommendation

The above-styled action should be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted. Additionally, the exercise of supplemental jurisdiction should be declined.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE